UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JULIAN R. HOOD, JR.,

    Plaintiff,

v.                                              Case No. 1:16-CV-665

UNITED STATES OF AMERICA, et al.,      HON. GORDON J. QUIST

    Defendants.
_____/

## **OPINION**

Plaintiff, Julian Hood, filed a complaint in the United States District Court for the District of Columbia on December 17, 2015, against the United States of America, the United States Postal Service, and Megan J. Brennan, the Postmaster General, alleging claims under the Federal Tort Claims Act (FTCA), the National Labor Relations Act, the Administrative Procedures Act, the Privacy Act of 1974, the Equal Pay Act, Title VI of the Civil Rights Act of 1964, and Section 504 of the Rehabilitation Act. All of Hood's claims arose out of his employment with the USPS, which ended in April of 2004.

Defendants moved to dismiss Hood's complaint or transfer venue to this Court, given that all of Hood's claims arose out of his employment in this district and Hood had previously filed several lawsuits in this district concerning the same acts at issue in the District of Columbia lawsuit. (ECF No. 8.) On March 7, 2016, the District of Columbia court granted Defendants' motion to transfer venue and transferred the case to this district. (ECF No. 11.) On November 1, 2016, this Court entered an Order requiring Hood to respond to Defendants' pending motion to dismiss. (ECF

No. 14.) Pursuant to the November 1, 2016 Order, Hood has filed a response, and Defendants have filed a reply.

For the following reasons, the Court will grant Defendants' motion to dismiss and dismiss Hood's complaint with prejudice.

## I.

In 2014, Hood, proceeding *pro se*, filed a series of lawsuits with this Court against the USPS and the Postmaster General alleging various claims, all of which arose out of Hood's employment with the USPS. Instead of bringing all of his claims in one action, Hood essentially brought them in separate complaints. In Case Nos. 1:14-CV-1104 and 1183, Hood alleged claims for violation of the Rehabilitation Act of 1973. In Case Nos. 1:14-CV-1180 and 1181, Hood alleged claims under 42 U.S.C. § 1983. In Case No. 1:14-CV-1182, Hood alleged a claim under 42 U.S.C. § 1981, and in Case No. 1:14-CV-1195, Hood alleged a claim under Title VII of the Civil Rights Act of 1964.

Defendant moved to dismiss all of Hood's claims on the ground that they were barred by a settlement agreement between Hood and the USPS, executed on November 18, 2005; Hood failed to exhaust his administrative remedies; and all of Hood's claims were barred by the applicable statutes of limitations. Hood filed a response to the motion. On July 10, 2015, the Court entered an Opinion and Order granting Defendant's motions. (*See Hood v. Brennan*, No. 1:14-CV-1104 (ECF No. 25).) First, the Court concluded that Hood's claims were barred by the settlement agreement. (*Id.* at PageID.129–30.) Second, the Court held that, to the extent his claims were subject to an exhaustion requirement, Hood failed to exhaust his administrative remedies before filing suit. (*Id.* at PageID.130–31.) Finally, the Court rejected Hood's argument that he was entitled to equitable tolling. (*Id.* at PageID.131–32.)

On July 20, 2015, Hood filed a motion for reconsideration, arguing that he was not afforded an opportunity to address various issues, including the reasons why he failed to timely file his claims. (*Id.* ECF No. 27.) On July 28, 2015, the Court entered an Order denying Hood's motion for reconsideration. (*Id.* ECF No. 29.) In the July 28, 2015 Order, the Court concluded that Hood "had ample opportunity to address the statute of limitations, the settlement agreement, and his failure to exhaust certain claims." (*Id.* at PageID.173–74.) With regard to his equitable tolling arguments, the Court stated:

> Plaintiff devotes a substantial number of pages to explaining how his various mental health conditions and impairments affected his ability to timely pursue his claims and/or seek relief from the Settlement Agreement, which show that Plaintiff was capable of asserting his rights. For example, in spite of his claim of lack of capacity to understand the Settlement Agreement or to file a timely complaint, Plaintiff was able to pursue his claim with the Office of Workers' Compensation, he was able to obtain disability retirement benefits under the Federal Employees Retirement System, and he was able to file an appeal with the Merit Systems Protection Board. These facts are inconsistent with Plaintiff's assertion that he was unable to diligently pursue his claims.

(*Id.* at PageID.174.)

**II.**

Defendants argue that Hood's instant lawsuit is subject to dismissal on three grounds. First, it is barred by the doctrines of claim preclusion, or res judicata, and issue preclusion, or collateral estoppel. Second, Defendants argue that, to the extent a particular claim is subject to an exhaustion requirement, Hood failed to exhaust his administrative remedies prior to filing suit. Finally, Defendants argue that Hood's claims are barred by the applicable statutes of limitations.

"Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citing *Montana*

*v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979)). The doctrine precludes not only relitigation of claims that were previously decided, but litigation of any claim or defense that should have been, but was not, raised in the prior lawsuit. *Id.* The elements of claim preclusion are: (1) a final decision on the merits by a court of competent jurisdiction; (2) the same parties or their privies that were involved in the first action are present in the second action; (3) the second action raises an issue or claim that was or should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992) (citing *King v. S. Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524 (6th Cir. 1986), and *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981)). Issue preclusion applies where: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

All of the elements of claim preclusion are met in the instant case: (1) this Court entered a final judgment in the 2014 cases; (2) all of the 2014 cases were between Hood and Defendants or their privies; (3) Hood's claims in the instant case relate to his previous employment with the USPS and should have been raised in one of the 2014 cases; and (4) the claims in the instant case and the claims in the 2014 cases arose out the same nucleus of facts. Similarly, the elements of issue preclusion are met because Hood raises equitable tolling in the instant case—an issue that Hood raised in the 2014 cases that was decided against Hood.

Hood's arguments as to why the preclusion doctrines do not bar his instant claims are without merit.  First, Hood argues that his FTCA claim is not barred because he had to exhaust his administrative remedies before he file the claim in court.  Hood not only fails to cite any case supporting this argument, but he also fails to explain why he could not have exhausted his FTCA claim prior to filing any of the 2014 cases.  Hood has not shown that some deadline relating to the 2014 lawsuits required him to file those suits before exhausting his FTCA claim.  Hood also contends that he did not exhaust his claim while he was employed by the USPS due to fear of retaliation and exacerbation of his mental and physical problems, but Hood's USPS employment ended in 2004.  Finally, to the extent Hood seeks to rely on equitable tolling, the Court has already concluded that Hood has failed to show that he is entitled to equitable tolling.  The same analysis applies to the instant case.

### III.

Therefore, the Court will grant Defendants' motion and dismiss Hood's complaint with prejudice.

A separate order will enter.


Dated:  December 19, 2016                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE